**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

MAURICE WALLACE,                    )
JESSE WHITE,                        )
LAMONT DOUGLAS,                     )
MATTHEW ECHEVGRRIA,                 )
ANTHONY S. WHITE,                   )
ANTONIO L. RICHMOND,                )
PHILLIP MILLER,                     )
MASCEO DICKEY,                      )
CHRISTOPHER J. GUICE,               )
                                    )
           **Plaintiffs,**          )
                                    )
    **vs.**                         )    **Case No. 14-cv-1394-SMY**
                                    )
S. A. GODINEZ, LUKE HARTIGAN,       )
JESSE MONTGOMERY, TY BATES,         )
SUSAN GRISWOLD-BAILEN,              )
RICHARD HARRINGTON,                 )
MIKE ATCHISON, KIMBERLY BUTLER,     )
WEXFORD HEALTH SOURCES, INC.,       )
and ILLINOIS DEPARTMENT OF          )
CORRECTIONS,                        )
                                    )
           **Defendants.**          )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of Plaintiff Maurice Wallace's motion

for leave to proceed *in forma pauperis* (Doc. 2) and for general case management.

Plaintiff Wallace, who is currently incarcerated at Menard Correctional Center ("Menard"), filed

this civil rights action *pro se* pursuant to 42 U.S.C. § 1983.  He also filed a motion seeking leave

to proceed *in forma pauperis* ("IFP motion") without prepayment of the Court's usual $400.00[1]

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new
$50.00 administrative fee for filing a civil action, suit, or proceeding in a district court.  See Judicial
Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

filing fee in a civil case (Doc. 2). However, Plaintiff Wallace has "struck out" by filing three or more lawsuits that were dismissed as frivolous or for failure to state a claim. *See* 28 U.S.C. § 1914(a). Therefore, he cannot proceed IFP in this action unless the complaint demonstrates that he faces imminent danger of serious physical injury. The complaint suggests no such thing. Accordingly, Plaintiff Wallace's IFP motion shall be denied, and he must prepay the full $400.00 filing fee before he can proceed.

Plaintiff Wallace is not the only plaintiff in this action. He is designated as the lead plaintiff because he is the only individual who has filed signed pleadings with the Court. The complaint also lists eight non-lead plaintiffs[2] (Doc. 1). None of the non-lead plaintiffs signed the complaint, provided identifying information,[3] paid a filing fee for this action, or filed an IFP motion. The Court has entered multiple orders requiring them to do so, if they intend to proceed with their claims in this action (Docs. 4, 11). To date, they have not communicated with the Court regarding their intentions. By all indications, the non-lead plaintiffs do not intend to proceed alongside Plaintiff Wallace with their claims in this action. However, out of an abundance of caution, the Court will grant the non-lead plaintiffs one last opportunity to participate in this litigation before dismissing them.

## IFP Status: Plaintiff Wallace

Plaintiff Wallace filed a motion seeking leave to proceed *in forma pauperis* ("IFP") without prepayment of the full filing fee in this action. Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or

---

A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

[2] The case caption in the complaint lists the following non-lead plaintiffs: Jesse White, Lamont Douglas, Matthew Echevgrria, Anthony S. White, Antonio L. Richmond, Phillip Miller, Masceo Dickey, and Christopher J. Guice.

[3] No prisoner identification numbers or addresses have been provided for the eight non-lead plaintiffs.

criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).  In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  Plaintiff Wallace has tendered an affidavit of indigence that is insufficient as to form, as it attempts to address the financial status of all plaintiffs who are listed in the case caption (Doc. 2).  He has also not provided the Court with a certified trust fund account statement that shows the balance of Plaintiff Wallace's trust fund account for the six month period immediately preceding the filing of this action.

Regardless, Plaintiff is barred from proceeding IFP by 28 U.S.C. § 1915(g). According to § 1915, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g). Plaintiff's IFP motion must be denied on these grounds.

In his IFP motion and the complaint, Plaintiff Wallace omitted reference to his prior strikes.  Despite this fact, the Court has reviewed public records and can take judicial notice of them.  *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994).  Review of documents filed on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that Plaintiff has, in fact, filed multiple lawsuits that were dismissed as being frivolous,

malicious, or for failure to state a claim and resulted in the accumulation of at least three "strikes."[4]

Because Plaintiff has accumulated three "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury. Plaintiff has failed to satisfy this requirement. The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff Wallace does not claim to be in imminent danger in his IFP motion (Doc. 2) or the complaint (Doc. 1). Neither pleading suggests that Plaintiff personally faces any threat of serious physical injury. Plaintiff Wallace filed the complaint on behalf of "all inmates who are currently or have been subjected to one or more of the violative conditions discussed" in the pleading (Doc. 1, p. 1). Although the pleading categorizes the claims into six separate "counts,"

---

[4] *See Wallace v. Hallam, et al.*, Case No. 09-cv-00418-DRH (S.D. Ill. Feb. 23, 2010) (order dismissing action and assessing strike for failure to state a claim upon which relief may be granted); *Wallace v. Powers, et al.*, Case No. 09-cv-00224-DRH (S.D. Ill. Nov. 19, 2009) (same); *Westerfer v. Snyder, et al.*, Case No. 00-cv-162-GPM (S.D. Ill. Feb. 25, 2011) (order denying Plaintiff's motion to intervene and assessing strike for filing frivolous action). *See also Wallace v. Taylor*, Case No. 11-cv-0332-MJR (S.D. Ill. May 17, 2012) (order revoking IFP based on accumulation of three strikes).

vague references to many more constitutional violations are included throughout the complaint.[5] Few are specific to Plaintiff Wallace,[6] and none suggest that he faces impending harm. Having made no showing of imminent danger, Plaintiff cannot proceed *in forma pauperis* in this action.

Under normal circumstances, the denial of an IFP motion does not preclude a prisoner from litigating his claims. It simply means that he must first pay the entire filing fee for the action ($400.00) before proceeding to the next stage of litigation (i.e., preliminary review of the complaint under 28 U.S.C. § 1915A). This is not a typical case. It is necessary to consider the imposition of sanctions.

### Sanctions: Plaintiff Wallace

Plaintiff failed to disclose his prior "strikes" (Docs. 1-2). The Court-issued complaint form explicitly states, "If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper . . . . Failure to comply with this provision may result in summary denial of your complaint" (Doc. 1, p. 3). Although Plaintiff did not use this form or the standard IFP motion, Plaintiff has repeatedly filed lawsuits in this Court, received strikes, and faced IFP denials and/or revocation on this basis. The Court has made him well aware of the

---

[5] Among these claims are the disproportionately low number of investigations, employment terminations, and criminal prosecutions of prison officials who have been accused by prisoners of constitutionally impermissible conduct; "hostile policies;" "overarching procedures;" chronic understaffing; overcrowding; lack of access to rehabilitative services; lack of access to educational programming; staff assaults; verbal abuse; cold meals; restrictions on access to religiously-mandated diets; prohibition against group petitions; limits on access to the prison infirmary; coordinated efforts of staff to retaliate against prisoners who exercise their First Amendment rights through the issuance of false disciplinary tickets or prison transfers; the loss of privileges for failure to cooperate in prison investigations; serious bodily injury among prisoners who have been deprived of an adequate diet; and breach of contract claims against Wexford Health Sources, Inc.

[6] Plaintiff Wallace alludes to the denial of adequate nutrition, based on the fact that two of his three meals each day are served cold. He also challenges his placement in segregation.

three strikes hurdle to further litigation, and now finds that Plaintiff Wallace's failure to disclose his prior strikes represents an attempt to deceive the Court and waste precious judicial resources.

A plaintiff's failure to disclose his litigation history, particularly when he seeks to proceed IFP, may be grounds for immediate dismissal of the suit. *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court); *see also Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). In light of controlling authority on this issue, Plaintiff shall be ordered to show cause why he should not be sanctioned with dismissal from this action for attempting to defraud the Court.

### *Boriboune* Order

Named alongside Plaintiff Wallace in the case caption of the complaint are eight non-lead plaintiffs. However, none of these individuals signed the complaint, provided identifying information (e.g., prisoner identification numbers or addresses), paid a filing fee for the action, or filed an IFP motion. Under the circumstances, it was not clear which non-lead plaintiffs, if any, intend to proceed in this action with Plaintiff Wallace.

This Court entered an Order (Doc. 4) requiring Plaintiff Wallace and the non-lead plaintiffs to file a first amended complaint on or before January 27, 2015. The Court informed Plaintiff Wallace that the first amended complaint must contain his signature and the signatures of all non-lead plaintiffs who intend to proceed in this action. *See Lewis v. Lenc-Smith Mfg. Co.,*

784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11 (non-attorney cannot file or sign papers for another litigant).  Moreover, Plaintiff Wallace was also informed that he cannot represent a class of plaintiffs.  *See also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).  In addition to filing a signed first amended complaint, each non-lead plaintiff was required to file, on his or her own behalf, a properly completed and signed IFP motion or pre-pay a $400.00 filing fee. Failure to comply with this order, the Court warned, would result in the dismissal of that individual without prejudice from this action.

On January 7, 2015, Plaintiff Wallace filed a "memorandum to the court" (Doc. 9).  In it, Plaintiff Wallace indicated that he would be unable to obtain the necessary signatures and identifying information for his co-plaintiffs by the deadline originally imposed for doing so. At the time, he was housed in segregation at Menard and was no longer housed near his co-plaintiffs.  The Court construed the motion as a request for an extension of the deadline for filing a first amended complaint and granted the request.  Accordingly, the first amended complaint was due by February 26, 2015 (Doc. 11).

On February 11, 2015, Plaintiff Wallace filed a "response memorandum to the Court," in which he claimed that Menard officials were thwarting his efforts to obtain his co-plaintiffs' signatures and other identifying information for them (Doc. 12).  The extended deadline for filing the first amended complaint has now come and gone.  To date, the Court has received no first amended complaint -- or communication of any kind -- from any litigant other than Plaintiff Wallace.  It would appear that only Plaintiff Wallace intends to pursue his claims in this action.

However, out of an abundance of caution, the Court will grant Plaintiff Wallace and potential co-plaintiffs one additional opportunity to proceed in this action together

before conducting its preliminary review of this matter pursuant to 28 U.S.C. § 1915A.

<u>**Group Litigation by Multiple Prisoners**</u>

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. However, the Court must admonish them as to the consequences of proceeding in this manner including their filing fee obligations, and give them the opportunity to withdraw from the case or sever their claims into individual actions.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the court addressed the difficulties in administering group prisoner complaints.   District courts are required to accept joint complaints filed by multiple prisoners ***if*** the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied.  Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." Nonetheless, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it.  *Id.*  **In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.**

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid

group litigation.  First, group litigation creates countervailing costs.  Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5.  This means that if there are three plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs or other papers in the case will be three times greater than if there was a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55.  According to the Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally.  Furthermore, if the Court finds that the complaint contains unrelated claims against different defendants, those unrelated claims may be severed into one or more new cases.  If that severance of claims occurs, each plaintiff will be liable for another full filing fee for each new case.  Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks that pro se prisoner litigants face in joint pro se litigation, and "give them an opportunity to drop out." *Id.* at 856.  Therefore, in keeping with this suggestion, the Court offers all non-lead plaintiffs (i.e., all plaintiffs except Plaintiff Wallace) one final opportunity to withdraw from this litigation before the case progresses further.  Each non-lead plaintiff may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).

In addition, if Plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of multiple plaintiffs must be signed by each of them. As long as the plaintiffs appear without counsel in this action, each must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[7] A non-attorney cannot file or sign papers for another litigant. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

Because the complaint was only signed by Plaintiff Wallace, the Court ordered Plaintiff Wallace and all non-lead plaintiffs to file an amended complaint that is signed by each of them. The original deadline for doing so was January 27, 2015. The Court extended this deadline to February 26, 2015. Both deadlines have passed, and the Court has not yet received a

---

[7] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).

properly signed amended complaint.  Plaintiff Wallace and the non-lead plaintiffs will be given one final opportunity to comply with this order, should they wish to proceed with their claims together in this action.  Accordingly, the "First Amended Complaint" shall be due within 35 days of this Order (**on or before May 8, 2015**).  When filing the first amended complaint, all plaintiffs should pay careful attention to the instructions for doing so in the disposition.

If the Court does not receive a first amended complaint, or receives an improperly prepared or unsigned pleading, the Court will dismiss all eight co-plaintiffs and review the original complaint that was filed by Plaintiff Wallace pursuant to 28 U.S.C. § 1915A.

## Pending Motions

Plaintiff Wallace's motion to certify class (Doc. 5) and motion for appointment of counsel (Doc. 6) shall both be held **IN ABEYANCE** pending the Court's receipt of the first amended complaint.

Plaintiff Wallace's motion for reconsideration (Doc. 14) shall be **DENIED**.  The motion consists of eight pages complaining about the current conditions of prisons within the Illinois Department of Corrections.  Plaintiff Wallace asks that this matter be allowed to proceed.  To the extent that the complaint already addresses these issues, no decision has been reached regarding the viability of these claims.  The Court has not yet conducted its preliminary review of the complaint pursuant to 28 U.S.C. § 1915A because it is awaiting communication from plaintiffs regarding their intentions to litigate this matter together.  Construed as such, the motion is denied.

Further, to the extent that the motion to reconsider expands the scope of the claims raised in the complaint, it must also be denied.  A "motion to reconsider" is not the proper vehicle for raising additional claims.  Plaintiff Wallace must file an amended complaint, if he wishes to do

so. Construed in this manner, the motion is also denied.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above, Plaintiff Wallace's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**, and he is obligated to pay the full filing and docketing fee of $400.00 for this action within 35 days (**on or before May 8, 2015**). Failure to pay the full filing fee by this deadline shall result in his dismissal from this action. If he is the only remaining plaintiff, the entire action shall be dismissed.

In addition, Plaintiff Wallace is **ORDERED TO SHOW CAUSE**, no later than 35 days from the date of this Order (**on or before May 8, 2015**), why this Court should not sanction him for fraudulent litigation conduct by dismissing his complaint with prejudice, based on his failure to disclose any "strikes" in the complaint and IFP motion. *Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011). If the Court finds that Plaintiff Wallace has failed to show cause why he should not be sanctioned, an order shall be entered dismissing him from this action; if he is the only remaining plaintiff at that time, the complaint shall be dismissed with prejudice, and this case shall be closed.

**IT IS HEREBY ORDERED** all plaintiffs who intend to proceed with their claims together in this action must file a properly amended complaint, containing each of their signatures, addresses, and prisoner identification numbers, within 35 days (**on or before May 8, 2015**). Should any plaintiff fail to do so within the allotted time or consistent with the instructions set forth in this Order, this case shall proceed without that individual. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

Should plaintiffs decide to file an amended complaint, it is strongly recommended that

they use the forms designed for use in this District for such actions.  They should label the form, "First Amended Complaint," and use the case number for *this* action.  The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant.  Plaintiffs should attempt to include the facts of the case in chronological order, inserting each defendant's name where necessary to identify the actors.  Plaintiffs should refrain from filing unnecessary exhibits.  Plaintiffs should *include only related claims* in the amended complaint.  Unrelated claims brought against different defendants shall be severed into separate actions, and a separate filing fee will be assessed.  If, by the deadline, any non-lead plaintiff advises the Court that he does **not** wish to participate in the action, he will be dismissed from the lawsuit without prejudice and will *not* be charged a filing fee for this action.[8]  If any non-lead plaintiff fails to communicate with the Court, he will also be dismissed from the lawsuit without prejudice and will *not* be charged a filing fee for this action.  **Dismissal of any non-lead plaintiff from this action will not foreclose him from pursuing any of his claims in a separate lawsuit.**

 **IT IS FURTHER ORDERED** that each plaintiff who chooses to continue as a plaintiff is hereby **ORDERED** to pay his filing fee of $400.00 or file a properly completed IFP motion within 35 days (**on or before May 8, 2015**).  When a Plaintiff files an IFP motion, the Court must review that Plaintiff's trust fund account statement for the six month period immediately preceding the filing of this action.  Thus, Plaintiff must have the Trust Fund Officer at his facility complete the attached certification and provide a copy of his trust fund account statement (or institutional equivalent) for the period 6/1/2014 to 12/19/14.  This information should be

---

[8] As the lead Plaintiff, Maurice Wallace may choose to voluntarily dismiss or sever his claims, but may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998).

mailed to the Clerk of Court at the following address:  United States District Court – Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201.

The Clerk of Court is **INSTRUCTED** to send Plaintiff Wallace the appropriate form to submit a Section 1983 claim.  Because the Court was not provided with any identifying information for the eight non-lead plaintiffs, the Clerk cannot send them a standard complaint form or IFP motion at this time.

In addition, Plaintiffs are again **WARNED** that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

Plaintiff Wallace and the co-plaintiffs are **ADVISED** that the complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the defendants.  The Court cannot complete its preliminary review of this matter under 28 U.S.C. § 1915A until the deadline for filing the first amended complaint passes.  When this review is completed, a copy of the Court's order will be forwarded to each plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 2, 2015**

s/ STACI M. YANDLE
United States District Judge