IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE WALLACE, *et al.*, | ) |
| | ) |
|                      **Plaintiffs,** | ) |
| | ) |
|     vs. | )     Case No. 14-cv-1394-SMY |
| | ) |
| S. A. GODINEZ, *et al.*, | ) |
| | ) |
|                      **Defendants.** | ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

The time has come to dismiss this lawsuit. Plaintiff Maurice Wallace commenced this action five months ago on December 19, 2014. He did so by filing a complaint (Doc. 1) and a motion for leave to proceed *in forma pauperis* ("IFP motion") (Doc. 2) that both refer to additional plaintiffs ("non-lead plaintiffs").[1] These initial pleadings presented several problems.

From the beginning, it was not apparent that the eight non-lead plaintiffs actually intended to pursue their claims in this action. They did not sign the complaint or any other pleadings. They did not file IFP motions or tender payment of the filing fee for this action. They also failed to provide identifying information for themselves, such as a prisoner identification number, an address, or the name of the facility where they were housed. By all indications, the non-lead plaintiffs were involved in this action in name only.

Time and again, the Court gave Plaintiff Wallace and the non-lead plaintiffs opportunities to signal their intentions to proceed together in this action. In doing so, the Court explained that a non-attorney cannot file or sign papers for another litigant. *See Lewis v. Lenc-Smith Mgf. Co.*,

---

[1] The non-lead plaintiffs include the following individuals: Jesse White, Jr. (who is referred to in later pleadings as "Johnny White, Jr."), Lamont Douglas, Matthew Echevgrria, Anthony S. White, Antonio L. Richmond, Phillip Miller, Masceo Dickey and Christopher J. Guice (Doc. 1).

784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.  And a prisoner bringing a *pro se* action cannot represent a class of plaintiffs.  *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).  The Court set a deadline for all plaintiffs to file a signed, amended complaint and for each non-lead plaintiff to either file a signed IFP motion or prepay the full filing fee for this action (Docs. 4, 11, 15).  Plaintiffs were warned that the case would proceed without any plaintiff who failed to comply with the Court's orders (Doc. 15, p. 12).  Twice, this deadline was extended (Docs. 11, 15).  The final deadline expired on May 8, 2015.

To date, the Court has not received an amended complaint that is signed by anyone other than Plaintiff Wallace.  The Court has also not received an IFP motion from anyone other than Plaintiff Wallace.  No filing fees have been paid.  With one exception,[2] the Court has received no other communications from the non-lead plaintiffs.  All communications with the Court—in the form of pleadings, motions, memoranda, and letters—have come from Plaintiff Wallace.  It appears that Plaintiff Wallace is, and always has been, the only plaintiff who is actively involved this matter.

Therefore, all non-lead plaintiffs shall be dismissed from this action without prejudice.  They are, of course, free to pursue their claims by filing a new action together or separately.  No filing fee will be assessed against the non-lead plaintiffs for this lawsuit.  However, any non-lead plaintiff who files a new lawsuit will be obligated to pay a filing fee for that action.

A second, and now insurmountable, barrier to this action is the denial of Plaintiff Wallace's IFP motion (Doc. 2), followed by his failure to pay any portion of the

---

[2] The only exception is a set of affidavits that Plaintiff Wallace filed twice with the Court.  He filed the first batch of fifteen affidavits along with a motion for temporary restraining order and preliminary injunction (Doc. 7).  The second batch of eleven affidavits accompanied the amended complaint (Doc. 16).  Both sets included affidavits from parties and non-parties alike.  Several were not dated.  The others were signed between April 2013 and August 2014.  To the extent they were legible, none referenced the complaint or indicated that the affiant intended to proceed as a party in this action.

$400.00 filing fee by the court-imposed deadline. Before commencing this action, he "struck out" by filing three or more lawsuits that were dismissed as frivolous or for failure to state a claim upon which relief may be granted.[3] *See* 28 U.S.C. § 1914(a). Under the circumstances, Plaintiff Wallace could not bring a civil action or appeal a civil judgment IFP, unless he faced "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff Wallace's IFP motion and complaint suggested no such thing. Accordingly, the Court denied the IFP motion (Doc. 15).

Under normal circumstances, the denial of an IFP motion would not prevent a plaintiff from pursuing his claims. He would simply be required to prepay the full filing fee of $400.00 before moving forward with the action. In the order denying Plaintiff Wallace's IFP motion, the Court imposed a payment deadline of May 8, 2015 (Doc. 15, p. 12). The Court warned Plaintiff Wallace that "[f]ailure to pay the full filing fee by this deadline [would] result in his dismissal from this action" (*Id.*). Further, the Court indicated that "[i]f he is the only remaining plaintiff, the entire action [would] be dismissed" (*Id.*). Plaintiff missed the payment deadline. He did not seek additional time to pay his filing fee. Dismissal of Plaintiff Wallace's claims is therefore appropriate.

The question becomes whether the dismissal should be with or without prejudice. This brings the Court to the issue of sanctions. Plaintiff did not disclose any of his prior "strikes" in his IFP motion or his complaint. After noting this, the Court ordered him to show cause why sanctions should not be imposed against Plaintiff Wallace for attempting to defraud

---

[3] *See Wallace v. Hallam, et al.*, Case No. 09-cv-00418-DRH (S.D. Ill. Feb. 23, 2010) (order dismissing action and assessing strike for failure to state a claim upon which relief may be granted); *Wallace v. Powers, et al.*, Case No. 09-cv-00224-DRH (S.D. Ill. Nov. 19, 2009) (same); *Westefer v. Snyder, et al.*, Case No. 00-cv-162-GPM (S.D. Ill. Feb. 25, 2011) (order denying Plaintiff's motion to intervene and assessing strike for filing frivolous action). *See also Wallace v. Taylor*, Case No. 11-cv-0332-MJR (S.D. Ill. May 17, 2012) (order revoking IFP based on accumulation of three strikes).

the Court (Doc. 15, pp. 5-6). The Court explained that a plaintiff's failure to disclose his litigation history, particularly when he seeks to proceed IFP, provides grounds for immediate dismissal of the suit (Doc. 15, p. 6). *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court); *see also Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). In light of controlling authority on this issue, Plaintiff Wallace was warned that his failure to show cause would result in his dismissal from this action; further, the dismissal of this action would be with prejudice if Plaintiff Wallace was the only remaining plaintiff (Doc. 15, p. 12). Plaintiff Wallace was required to respond to the show cause order by May 8, 2015 (Doc. 15, p. 12).

He filed a timely response (Doc. 17). In it, Plaintiff Wallace requested reconsideration of the order denying his IFP motion (Doc. 17, pp. 1-2). He also responded to the show cause order (Doc. 17, p. 3).

Plaintiff's request for reconsideration of the order denying his IFP motion shall be denied. Plaintiff did not base his request for reconsideration on any error of fact or law in the order denying his IFP motion. He did not mention Federal Rule of Civil Procedure 59 or 60. Instead, he freely admitted that neither his "standing complaint" nor his IFP motion presented any particular threats of imminent danger (Doc. 17, p. 2). Upon review of its decision and the underlying IFP motion and complaint, the Court reaches the same conclusion and deems it

unnecessary to further scour the many voluminous motions, affidavits, and memoranda filed in this action for allegations suggesting that Plaintiff Wallace faces imminent danger of serious physical harm.[4]  The order denying the IFP motion stands.  And because Plaintiff Wallace failed to tender payment of the $400.00 filing fee by May 8, 2015, or seek an extension of the deadline for doing so, the Court shall dismiss his claims at this time.

Whether or not dismissal with prejudice is appropriate under the circumstances depends on Plaintiff Wallace's response to the order to show cause.  In his response (Doc. 17, p. 3), Plaintiff Wallace admits that he did, in fact, fail to disclose his prior strikes.  He blames this oversight on his own negligence, his lack of access to his legal materials from past cases, and his failure to use the standard complaint form when filing this action (Doc. 17, p. 3).  He points out that he did mention several of his other cases in the complaint, but forgot to disclose the resulting strikes that were assessed in each case.  Although the Court questions how a seasoned litigator like Plaintiff Wallace could forget to mention his prior strikes in an IFP motion, the Court will give him the benefit of the doubt.  The Court will refrain from imposing sanctions in this case.  However, Plaintiff is warned that future attempts to deceive the Court by omitting this information will result in sanctions, as explained in more detail below in the disposition.

While dismissal of Plaintiff Wallace's claims is still appropriate given the denial of the IFP motion and his failure to pay the $400.00 filing fee in a timely manner, the Court will dismiss the claims (and this case) *without* prejudice.  This means that Plaintiff Wallace is free to file a new complaint, in a separate action, asserting those claims he wishes to pursue further.  If he chooses to do so, Plaintiff will be required to prepay the full filing fee of $400.00 or seek leave to proceed IFP.

---

[4] However, the Court notes that Plaintiff's two motions for a temporary restraining order (Docs. 7, 18) were denied as meritless (Docs. 8, 19).  Further, his voluminous pleadings, motions, affidavits, and other papers referred to numerous unrelated claims that have little or nothing to do with his physical safety.

**Disposition**

**IT IS HEREBY ORDERED** that the non-lead plaintiffs, including **JESSE WHITE, LAMONT DOUGLAS, MATTHEW ECHEVGRRIA, ANTHONY S. WHITE, ANTONIO L. RICHMOND, PHILLIP MILLER, MASCEO DICKEY** and **CHRISTOPHER J. GUICE** are **DISMISSED** from this action without prejudice, based on their lack of involvement in this matter and apparent lack of intentions to pursue their claims together in this lawsuit. This dismissal does **NOT** count as a "strike" against any of the non-lead plaintiffs under 28 U.S.C. § 1915(g). Further, no filing fee is assessed against them.

**IT IS ALSO ORDERED** that Plaintiff's request in Document 17 for reconsideration of the order denying the IFP motion (Doc. 15) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice, based on Plaintiff Wallace's failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). This dismissal shall **NOT** count as another "strike" under 28 U.S.C. § 1915(g). Plaintiff Wallace's obligation to pay the filing fee for this action was incurred at the time he filed the action, so the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). To date, Plaintiff has paid no portion of this amount. Therefore, a separate order will issue for the prison Trust Fund Officer to deduct payments from Plaintiff's trust fund account until the $400.00 fee is paid in full.

**IT IS FURTHER ORDERED** that Plaintiff shall disclose the fact that he is "struck out" within the meaning of 28 U.S.C. § 1915(g) in any future motion for leave to proceed *in forma pauperis* that he files in this District. If he fails to disclose his litigation history in compliance

with this order, the new case shall be subject to summary dismissal for failure to comply with an Order of this Court. *See* FED. R. CIV. P. 41(b).

**IT IS ORDERED** that all pending motions (Docs. 5, 6, and 18) are hereby **DENIED** as **MOOT**.

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons*, 547 F.3d at 725-26; *Sloan*, 181 F.3d at 858-59; *Lucien,* 133 F.3d at 467. Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[5] may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 20, 2015**

**s/ STACI M. YANDLE**
**United States District Judge**

---

[5] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).